IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **HARTFORD FIRE INSURANCE COMPANY,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | Civil Action No. 3:07-cv-316-MJR |
| **RICHTER-TAYLOR CONSTRUCTION SPECIALISTS, INC., an Illinois Corporation, BRIAN TAYLOR, BELINDA RICHMOND TAYLOR, BRAD TAYLOR, JEAN A. TAYLOR, LINDA L. RICHTER and RONALD R. RICHTER,** | ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Defendants, Richter-Taylor Construction Specialists, Inc., Brian Taylor, Belinda Richmond Taylor, Brad Taylor, Jean A. Taylor, Linda L. Richter and Ronald R. Richter, move the Court, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss this cause of action for lack of subject matter jurisdiction (Doc. 6).

## I. Background

On February 16, 2007, Hartford Fire Insurance Company ("Hartford") filed a complaint for contractual indemnity, alleging breach of contract and common law reimbursement.[1]

---

[1] This case was originally filed in the United States District Court for the Central District of Illinois. It was transferred to the United States District Court for the Southern District of Illinois on April 26, 2007, because a substantial part of the events or omissions at issue herein occurred within the territorial limits of the Southern District of Illinois.

The following background is based on the complaint.

The Board of Education for the Neoga School District contracted with Defendant Richter-Taylor to provide labor and materials on a project to build a new school. In accordance with the Illinois Public Construction Bond Act (30 ILCS 550/1 *et seq.*), Richter-Taylor obtained payment and performance surety bonds for the school project to guarantee its performance obligations under the contracts and to ensure its payment obligations to subcontractors and suppliers. Hartford issued the payment and performance bonds on behalf of Richter-Taylor. To discharge its obligations under the bonds, Hartford paid claims totaling $112,125.15 from allegedly unpaid subcontractors, suppliers and the Neoga School District. Richter-Taylor has not indemnified Hartford for these claims, as required by the General Indemnity Agreement, and has not paid costs and expenses related to the bonds issued on its behalf.

## II.  Applicable Legal Standard

Generally, in reviewing a motion to dismiss, the Court "construe[s] the complaint in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from those allegations in his or her favor . . . . Dismissal is proper "only if it 'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" ***McCready v. EBay, Inc.*, 453 F.3d 882, 887 (7th Cir. 2006) (internal citation omitted)**. Indeed, the law of this Circuit recognizes that, "a party need not plead much to survive a motion to dismiss" - not specific facts, not legal theories, and not anything in anticipation of a possible defense. ***Massey*, 464 F.3d at 650 (*citing Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901-02 (7th Cir. 2004))**. The gist of this Court's inquiry is "whether the

complaint gives the defendant fair notice of what the suit is about and the grounds on which it rests." *Mosely v. Board of Educ. of City of Chicago*, **434 F.3d 527, 533 (7th Cir. 2006)**. *See also Swierkiewicz v. Sorema N.A.*, **534 U.S. 506, 508 (2002) (complaints need not allege facts; they need only present a claim for relief).**

Defendants' 12(b)(1) motion challenges subject matter jurisdiction. The party invoking federal jurisdiction – here, Hartford – bears the burden of demonstrating that all jurisdictional requirements have been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, **110 F.3d 424, 427 (7th Cir. 1997).** In reviewing a motion to dismiss under Rule 12(b)(1), a court may "look behind the plaintiff's allegations and make factual findings for purposes of assessing its subject matter jurisdiction." *Palay v. United States*, **349 F.3d 418, 424-25 (7th Cir. 2003)**. However, consideration of this evidence does not convert Defendants' motion regarding federal jurisdiction to a motion for summary judgment. *Capitol Leasing Co. v. FDIC*, **999 F.2d 188, 191 (7th Cir.1993)**.

### III. Analysis

Hartford premised federal jurisdiction on diversity of citizenship and the existence of a controversy in the requisite amount. *See* **28 U.S.C. § 1332(a)**. Because the amount in controversy is met, and it is Hartford's citizenship that is at issue here, the Court makes no attempt to differentiate among the various Defendants, all of whom are alleged to be citizens of Illinois or Missouri.

**28 U.S.C. § 1332(c)** provides that a corporation shall be deemed a citizen of the state where it is incorporated *and* the state where it has its principal place of business. Defendants assert

that Hartford's principal place of business is in Aurora, Illinois, as is evidenced by the performance bond entered into by Hartford for the transaction forming the subject matter of the complaint. Defendants' Exhibit A.

The surety is listed on the first page of the bond as follows:

> **SURETY (Name and Principal Place of Business)**
> Hartford Fire Insurance Company
> 4845 Meridian Parkway
> Aurora, IL 60504

*Id*. However, the copy of the performance bond submitted by Defendants is incomplete and does not include the power of attorney that authorized the signer of the bond to sign on behalf of Hartford. Hartford's Exhibit A. The power of attorney states in part:

> KNOW ALL PERSONS BY THESE PRESENTS THAT the Hartford Fire Insurance Company, . . [a] corporation[] duly organized under the laws of the State of Connecticut . . . having [its] home office in Hartford, Connecticut . . .

*Id*.

Hartford has also submitted a copy of the Department of Treasury's Listing of Approved Sureties, Department Circular 570, which provides further evidence that Hartford is both incorporated in and has its principal place of business in Connecticut. Hartford's Exhibit B. Hartford is, thus, a citizen of Connecticut, not Illinois, and its citizenship is diverse from that of Defendants.

### IV.  Conclusion

For these reasons, the Court concludes that subject matter jurisdiction lies. Defendants' motion to dismiss for lack of subject matter jurisdiction (Doc. 6) is **DENIED**. The case will now be "tracked" and assigned a firm trial date.

**IT IS SO ORDERED.**

**DATED this 21st day of May, 2007**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**
